United States District Court
For the Northern District of California

1
2
3
4
5        IN THE UNITED STATES DISTRICT COURT

6        FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   YOHANNES TEKIE GEBREZGIE,                    No. CR 11-112 SI

9           Petitioner,                          **ORDER DENYING PETITIONER'S
                                                 MOTION TO SET ASIDE, CORRECT,**
10      v.                                       **OR VACATE SENTENCE PURSUANT
                                                 TO 28 U.S.C. § 2255 AND MOTION FOR**
11  UNITED STATES OF AMERICA,                    **EVIDENTIARY HEARING**

12          Respondent.
                                          /
13

14          Petitioner Yohannes Gebrezgie ("Petitioner") filed this *pro se* motion to vacate, set aside, or

15  correct a sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel.  In

16  connection with his Section 2255 motion, petitioner also filed a motion for an evidentiary hearing.  For

17  the reasons discussed below, petitioner's motions are DENIED.

18

19                                   **BACKGROUND**

20          On January 13, 2011, the government filed a criminal complaint against petitioner, alleging that

21  petitioner violated 18 U.S.C. § 922(a)(1)(A) (engaging in the unlicensed distribution of firearms); 18

22  U.S.C. § 922(g)(1) (being a felon in possession of a firearm); and 21 U.S.C. § 841(a)(1) and (b)(1)(A)

23  (distributing at least 50 grams of methamphetamine).  On March 7, 2011, the government filed felony

24  Information 11-CR-112 against petitioner, charging him only with the two firearm offenses and

25  dropping the narcotics trafficking violation. On March 8, 2011, petitioner waived his right to indictment

26  and consented to the filing of the Information.

27          On May 6, 2011, petitioner pled guilty to the two firearm counts.  Plea Agreement, Dkt. 12.  As

28  part of the Plea, petitioner agreed to give up his right to appeal his conviction, judgment, and orders of

                                          1

the Court. *Id.* Petitioner also waived his right to file a collateral attack on his convictions or sentence under 28 U.S.C. §§ 2255 or 2241 and 18 U.S.C. § 3582, with the exception of preserving the right to claim that his constitutional right to the effective assistance of counsel was violated. *Id.* Finally, petitioner agreed to a sentence of imprisonment of no less than 120 months and no more than 180 months. *Id.* Defendant's guideline sentencing range was determined by the Court to be 151-188 months.

On July 29, 2011, the Court sentenced petitioner to a term of 151 months—120 months for the § 922(g)(1) violation, to be followed by a 31-month term for the violation of § 922(a)(1)(A). On October 27, 2011, petitioner was transported from federal prison to Sonoma County Jail to face six counts filed against him in state court. Pet.'s Mot. at 3. On December 2011, petitioner pled guilty to the state charges, and, on March 20, 2012, was sentenced to 80 months of state imprisonment, to run consecutive to his federal sentence. *Id.*

On June 15, 2012, petitioner filed the instant motion under 28 U.S.C. § 2255 alleging that his counsel was ineffective, and therefore his prison sentence was invalid, because his attorney's erroneous advice during the plea negotiation process made petitioner's consent to the plea agreement involuntary. Petitioner contends that his attorney advised him to accept the plea agreement after the government verbally agreed, in exchange for petitioner's consent to the plea agreement, to contact the state prosecutor and ask that the state case against petitioner be dismissed. Pet. Mot. at 6. According to petitioner, his attorney failed to follow up with the government regarding the verbal agreement, and the government never contacted the state prosecutor. *Id.* at 7-8. Petitioner claims that the alleged promise by the government to contact state prosecutors is what motivated him to accept the plea agreement. *Id.* Therefore, petitioner challenges the voluntary and knowing nature of the plea agreement by arguing that his attorney's failure to enforce the government's promise is grounds for vacating his sentence because his attorney's alleged promise is what motivated him to accept the plea agreement. *Id.*

The government opposes petitioner's motion on the grounds that petitioner fails to satisfy either deficient performance by his counsel or prejudice, as required under *Strickland v. Washington*, 466 U.S. 668 (1984).

**United States District Court**
For the Northern District of California

**STANDARD OF REVIEW**

A prisoner in custody under sentence of a federal court who wishes to collaterally attack the validity of his conviction or sentence must do so by filing a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence.  28 U.S.C. § 2255(a). Under that statute, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.*  If the court finds that relief is warranted under § 2255, it must "vacate and set the judgment aside," and then perform one of the following four actions: "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

**DISCUSSION**

Ineffective assistance claims challenging the knowing and voluntary nature of a guilty plea are governed by the two-part test set forth in *Strickland*, 466 U.S. 668.  *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).  To prevail on such a claim, the petitioner must show that: (1) counsel's representation fell below the range of competence demanded of attorneys in criminal cases, and (2) there is a reasonable probability that, but for counsel's errors, the petitioner would not have pled guilty and would have insisted on going to trial. *Id.*  A court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed)."

The government argues that petitioner fails to satisfy the second *Strickland* prong because petitioner does not allege that but for his attorney's error, he would not have pled guilty and would have insisted on going to trial.  Instead, petitioner maintains that he still would have plead guilty in the federal action, but that he may have received a more favorable prosecution and sentence in the state court action, had his lawyer been more diligent.  The Court agrees with the government.  Even if petitioner's lawyer had convinced the federal prosecutor to contact the state prosecutor, there is no guarantee that

**United States District Court**
For the Northern District of California

1    petitioner would have received a more favorable state court sentence.  The federal prosecutor would

2    have no authority to bind the state prosecutor to enforce any promise made in the federal prosecution.

3    And even assuming his lawyer made some error in not requesting that the federal prosecutor contact the

4    state prosecutor, petitioner has not been prejudiced in *this* action by that error; any prejudice that

5    occurred was in the state prosecution subsequent to his federal plea.

6           Petitioner further seeks an evidentiary hearing to establish that his lawyer did make the alleged

7    verbal promise.  However, given that petitioner's allegations, even if true, fail to satisfy the *Strickland*

8    requirements, the Court finds that an evidentiary hearing to establish their veracity is unnecessary.

9

10                                              **CONCLUSION**

11          For the foregoing reasons, the Court DENIES petitioner's motion to vacate, set aside, or correct

12   a sentence pursuant to 28 U.S.C. § 2255, and DENIES petitioner's motion for an evidentiary hearing.

13

14          **IT IS SO ORDERED.**

15

16   Dated: August 1, 2013

17                                              SUSAN ILLSTON
                                                United States District Judge
18

19

20

21

22

23

24

25

26

27

28

4